UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CHRIS DECK, | ) ) |
| Serve at: 4422 Arlow Drive<br>House Springs, MO 63051 | ) ) ) |
| NICHOLE DECK, | ) ) |
| Serve at: 4422 Arlow Drive<br>House Springs, MO 63051 | ) ) ) |
| DECKS AUTO & TRANSMISSION, INC. | ) ) ) |
| Serve at: Reg. Agent Nichole Deck<br>4422 Arlow Drive<br>House Springs, MO 63051 | ) ) ) ) |
| DANIEL J. EVANS, | ) ) |
| Serve at: 9162 Ridge Road<br>Dittmer, MO 63023 | ) ) ) |
| and | ) ) |
| BARBARA J. EVANS | ) ) |
| Serve at: 9162 Ridge Road<br>Dittmer, MO 63023 | ) ) ) |
| Defendants. | ) |

Case No.:

1

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff American Family Mutual Insurance Company ("American Family") and hereby submits its Complaint for Declaratory Judgment pursuant to Rule 57 and 28 U.S.C. § 2201, and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff American Family is an insurance company incorporated under the laws of the State of Wisconsin, presently in good standing in the State of Missouri, and is lawfully engaged in the insurance business in the State of Missouri.

2. Plaintiff American Family's principal place of business is located in the State of Wisconsin at 6000 American Parkway, Madison, Wisconsin 53783.

3. Defendant Chris Deck is a Missouri citizen and upon information and belief resides at 4422 Arlow Drive, House Springs, Missouri 63051.

4. Defendant Nichole Deck is a Missouri citizen and upon information and belief resides at 4422 Arlow Drive, House Springs, Missouri 63051.

5. Defendant Decks Auto & Transmission, Inc. is a business incorporated and organized under the laws of the State of Missouri and duly authorized to do business in the State of Missouri. The registered agent for Decks Auto & Transmission, Inc. is Nichole Deck 7799 Highway 30, Dittmer, Missouri 63023.

6. Defendants Daniel J. Evans and Barbara J. Evans are Missouri citizens who, upon information and belief, currently reside at 9162 Ridge Road, Dittmer, Missouri 63023.

7. Since Plaintiff American Family is a citizen of Wisconsin and Defendants Chris Deck, Nichole Deck, Decks Auto & Transmission, Inc., Daniel J. Evans, and Barbara J. Evans are all citizens of Missouri and such diversity jurisdiction exists in this case.

8. There is a current case and controversy between the parties to this action. This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, to obtain a declaration of American Family Mutual Insurance Company's legal obligations under insurance policies issued to Defendant Decks Auto & Transmission, Inc.

9. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) and Local Rule 3-2.07 because all defendants are citizens of the State of Missouri and reside in the Eastern Division of the United States District Court for the Eastern District of Missouri.

11. Upon information and belief, Defendant Decks Auto & Transmission, Inc. is located at 7799 Highway 30, Dittmer, Missouri 63023.

12. Upon information and belief, on or about June 4, 2014, a First Deed of Trust was recorded in the Jefferson County Recorder of Deeds Office, by which the Grantor Nichole Deck granted a First Deed of Trust to Grantees/Defendants Daniel and Barbara Evans which was security for the purchase of the real property at issue in this lawsuit, located at 7799 Highway 30, Dittmer, Missouri 63023.

13. That on June 7, 2015 the business of Chris Deck and Nichole Deck, known as Decks Auto & Transmission was damaged as a result of fire which is reported to be incendiary in nature and, hence, not accidental.

14. As a result of the damage to the business, Defendants Chris Deck, Nichole Deck, and Decks Auto & Transmission, Inc. have made claims to American Family to pay for the damage to the building (structure), business personal property, and loss of business income.

15. That under Policy No. 24-XP4155-02 ("Policy"), American Family insured Defendant Decks Auto & Transmission under a Businessowners Policy providing property coverage for the building and business property on the premises under the terms, conditions, and endorsements as contained within said policy. Said policy had policy period effective dates of May 30, 2015 to May 30, 2016. A copy of said Policy is attached as Exhibit 1.

16. That the aforementioned policy of insurance provides "Property Coverage" as follows in pertinent part:

**SECTION I – PROPERTY**

  **A. Coverage**

  We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

  **1. Covered Property**

  Covered Property includes Building as described under Paragraph a. below, Business Personal Property as described under Paragraph b. below, Auxiliary Buildings/Structures as described under Paragraph c. below, Auxiliary Buildings Business Property as described under Paragraph d. below, or all four, depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, Auxiliary Buildings/Structures, Auxiliary Buildings Personal Property, or all four, there is no coverage for property described un Paragraph A.2. Property Not Covered.

    a. Building, means the described building shown in the Declarations, including:

      (1) Completed additions;

      (2) Fixtures, including outdoor fixtures;

4

(3) Permanently installed:

    (a) Machinery; and

    (b) Equipment;

(5) Personal property owned by you that is used to maintain or service the described building or the premises, including;

    (a) Fire extinguishing equipment;

    (b) Outdoor furniture;

    (c) Floor coverings; and

    (d) Appliances used for refrigerating, ventilating, cooking, dishwashing, or laundering;

(6) If not covered by other insurance:

    (a) Additions under construction, alterations and repairs to the described building;

    (b) Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the described building.

### 4. Limitations

a. We will not pay for loss of or damage to:

(3) Property that is missing, where the only evidence of the loss or damage is a shortage disclosed on taking inventory, or other instances where there is no physical evidence to show what happened to the property.  This limitation does not apply to the Optional Coverage for Money and Securities.

### 5. Additional Coverages

f. Business Income

(a) We will pay for the actual loos of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration".  The suspension must be caused by direct physical loss of or damage to property at the described premises.  The loss or damage must be caused by or result from a Covered Cause of Loss.  With respect to

loss of or damage to personal property in a vehicle, the described premises include the area within 100 feet of the site at which the described premises are located.

**B. Exclusions**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

   f. Dishonesty

   Dishonest or criminal acts by you, anyone else with an interest in the property, or any of your or their partners, "members", officers, "managers", employees, directors, trustees, authorized representative or anyone to whom you entrust the property for any purpose:

   (1) Acting alone or in collusion with others; or

   (2) Whether or not occurring during the hours of employment.

2. We will not pay for loss or damage caused by or resulting from any of the following:

   k. Neglect

   Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**E. Property Loss Conditions**

3. Duties In The Event Of Loss Or Damage

   a. You must see that the following are done in the event of loss or damage to Covered Property:

   (2) Give us prompt notice of the loss or damage. Include a description of the property involved;

   (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

  (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

  Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

  (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request.  We will supply you with the necessary forms.

 **F.  Property General Conditions**

  2.  Mortgageholders

   a.  The term "mortgageholder" includes trustee.

   b.  We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interest may appear.

**SECTION III – COMMON POLICY CONDITIONS (APPLICABLE TO SECTION 1 – PROPERTY AND SECTION II – LIABILITY)**

 **C.  Concealment, Misrepresentation Or Fraud**

 This Policy is void in any case of fraud by you as it relates to this policy at any time.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

 1.  This policy;

 2.  The Covered Property;

 3.  Your interest in the Covered Property; or

 4.  A claim under this policy.

 17. That this Court is empowered to declare whether Policy No. 24-XP4155-02 provides coverage for the fire loss at issue in this case, whether the mortgage holders are entitled to coverage under the Policy, and to declare the rights and obligations of Plaintiff American Family under the Policy.

**WHEREFORE**, Plaintiff American Family Mutual Insurance Company respectfully prays this Honorable Court issue its order determining whether or not Policy No. 24-XP4155-02 provides coverage for the fire loss; to declare the rights and obligations of Plaintiff American Family under the Policy as to Defendants Chris Deck, Nichole Deck, Decks Auto & Transmission, Inc., Daniel Evans, and Barbara Evans; and for any such further orders as this Honorable Court deems just and proper under the circumstances.

*/s/Sean P. Dolan*
Robert J. Wulff, Bar No.: 34081MO
Sean P. Dolan, Bar No.: 62849MO
EVANS & DIXON, L.L.C.
Attorneys for Plaintiff American Family
211 North Broadway, 25th Floor
St. Louis, Missouri  63102
Wulff: (314) 552-4054 (Phone)
Wulff: (314) 884-4454 (Fax)
Dolan: (314) 552-4003 (Phone)
Dolan: (314) 884-4403 (Fax)
rjwulff@evans-dixon.com
sdolan@evans-dixon.com