UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16 CV 315 CDP |
| CHRIS DECK, et al., | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff American Family Mutual Insurance Company brings this declaratory judgment action requesting that I determine "whether or not" a certain policy of insurance provides coverage for a loss caused by fire and, further, declare its rights and obligations under the policy as it relates to the defendants in this action. I asked the parties to brief the issue of whether this case presents a justiciable case or controversy to bring it within this Court's jurisdiction, and they have done so. Because I find that this action does not present a controversy appropriate for judicial determination, I will dismiss the matter without prejudice for lack of subject-matter jurisdiction.

American Family filed its complaint for declaratory judgment on March 9, 2016, under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking "to obtain a declaration of [its] legal obligations under insurance policies issued to

Defendant Decks Auto & Transmission, Inc." (Compl., ECF 1, para. 8.) American Family claims that defendant Decks Auto & Transmission, Inc. – a business owned by defendants Chris and Nichole Deck – was damaged by fire reported to be incendiary in nature and not accidental. American Family avers that the Deck defendants made insurance claims for damage to the building, business personal property, and loss of business income. After setting out certain terms of the relevant insurance policy, American Family requests this Court to determine "whether or not" the policy provides coverage for the fire loss, and to declare the rights and obligations of American Family under the policy to the Deck defendants and to the mortgage-holders of the real property at issue, defendants Daniel and Barbara Evans. American Family does not allege in its complaint that coverage does not exist for the insurance claims, nor does it allege that it denied any claim made under the policy. Instead, it simply asks me to determine "whether or not" there is coverage under the policy.

The Declaratory Judgment Act provides that any federal court, "[i]n a case of actual controversy within its jurisdiction, . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" refers to the type of cases and controversies that are justiciable under Article III of the United States Constitution "and is operative only in respect to

controversies which are such in the constitutional sense." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40 (1937). *See also MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126 (2007); *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012). A controversy in the constitutional sense must be one that is appropriate for judicial determination – it must be definite and concrete, not based on a dispute of a hypothetical or abstract character. *Aetna*, 300 U.S. at 240.

Here, American Family seeks resolution of a question relating to its legal rights and obligations arising from a policy of insurance. While these types of questions are commonly brought in declaratory judgment actions, they nevertheless must relate to a dispute between parties who have taken adverse positions with respect to their existing obligations. *See Aetna*, 300 U.S. at 242. American Family does not allege in its complaint that it has previously taken or presently takes a position adverse to the Decks. It has neither denied coverage nor alleged that coverage does not exist. Instead, it asks me to put on an insurance adjuster's hat and make that determination for it. That is not my role. Requesting the Court to determine "whether or not" an insurance policy provides coverage for a loss that is not yet contested is a request for an advisory opinion as to the validity of a possible defense to the claim. *Cf. Coffman v. Breeze Corp.,* 323 U.S. 316, 323-24 (1945) ("Breeze could have made such a defense but does not appear to have done so . . .

and does not assert its validity here."). "Such a suit does not merely allow the resolution of a 'case or controversy' in an alternative format, but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense." *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (internal citations omitted). I do not have the power to give such an advisory opinion – even in a declaratory judgment action. *Alabama State Fed'n of Labor, Local Union No. 103, United Bhd. of Carpenters & Joiners of Am. v. McAdory*, 325 U.S. 450, 461 (1945). Because that is what American Family asks me to do here, and the allegations in the complaint fail to show the parties to be in adverse positions, there is no justiciable case or controversy to bring this action within the Court's jurisdiction.

I have reviewed the proposed amended complaint that American Family submitted with its brief on jurisdiction and I conclude that it does not cure the jurisdictional defects discussed above. As with its original complaint, American Family continues in its failure to allege that coverage does not exist. Although American Family alludes to the Decks' possible involvement in the fire with its recitation of "certain facts" that arose during the investigation (*see* ECF 32-1, para. 14), it still does not allege that coverage does not exist for the claimed loss or even that defendants caused the fire. Its amended prayer for a declaration that the policy does not provide coverage – instead of "whether or not" coverage exists – continues to seek an advisory opinion given that the allegations of the complaint fail to show a

contested dispute between parties who have taken adverse positions on an issue.

After American Family filed its response on the jurisdictional issue and proposed amending its complaint, the Deck defendants filed a "Notice of Pending State Court Action" stating that they have now filed suit against American Family in state court. This suit, however, does not cure the jurisdictional deficiency presented by American Family's complaint, which must stand or fall based on its own allegations, and so I will dismiss American Family's complaint for declaratory judgment for lack of subject-matter jurisdiction. Because I lack jurisdiction, I will also not consider American Family's proposed amended complaint. For the same reason, the clerk's entry of default against defendants Chris Deck, Nichole Deck, and Decks Auto & Transmission, Inc. (ECF 24), is a nullity.

Finally, I note that the Declaratory Judgment Act provides me with substantial discretion in deciding whether to grant or dismiss requests for declaratory relief. 28 U.S.C. § 2201(a); *MedImmune, 549 U.S. at 136-37*. Because this case does not present an actual controversy, I lack jurisdiction to exercise this discretionary authority. If I did have jurisdiction, however, I would decline to exercise it in this situation. The insurance company invokes this court's jurisdiction but is unwilling to make allegations that would show the existence of a case or controversy. The insureds, on the other hand, have filed suit and appear willing to prosecute their purely state law claims in state court, which is an adequate forum for whatever

actual disputes the parties may have.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff American Family Mutual Insurance Company's complaint for declaratory judgment is **DISMISSSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the clerk's entry of default against defendants Chris Deck, Nichole Deck, and Decks Auto & Transmission, Inc. (ECF 24), is **NULL AND VOID.**

**IT IS FURTHER ORDERED** that all motions that remain pending in this case are **DENIED AS MOOT**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2016.